IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL CRIHFIELD**                                                                 **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.: 24CI1:23-cv-00246**

**BELLSOUTH TELECOMMUNICATIONS, LLC;**
**LBS GROUP, LLC;**
**JOHN DOES 1-10, AND CORPORATIONS A-Z**                            **DEFENDANTS**

---

**SECOND AMENDED COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

COMES NOW, Plaintiff, Michael Crihfield, by and through his attorney Ben U. Bowden, Esq. of BEN BOWDEN, PC, and files this his Second Amended Complaint, and would show unto this Honorable Court as follows, to wit:

**PARTIES**

1. Plaintiff, Michael Crihfield, is an adult resident citizen of the State of Mississippi, residing in Harrison County, Mississippi.

2. Defendant, BellSouth Telecommunications, LLC (BellSouth), is a foreign corporation doing business in the State of Mississippi, which may be served with Summons and Complaint upon its Registered Agent, CT Corporation System 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant, LBS GROUP, LLC (LBS), is a Mississippi corporation licensed

to do and doing business in the State of Mississippi, who may be served with Summons and Complaint upon its Registered Agent, Denise Rutherford 7127 Dogwood Street, Bay St. Louis, Mississippi 39520.

4. Defendants, John Does 1 Through 10 And Corporations A Through Z, are individuals or entities who are unknown, despite due diligence, which may be responsible for the injuries and dangers suffered by Plaintiff; however, the specific acts of negligence are at this time unknown, and these allegations will be amended as this cause develops and such entities become known.

## JURISDICTION

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because:

   a. There is complete diversity of citizenship between Plaintiffs and Defendants;

   b. The amount in controversy exceeds the same of $75,000.00, exclusive of interest and costs.

## FACTS

6. At the time of the incident herein on February 10, 2023, Plaintiff Michael Crihfield was walking his dog on the premises of his apartment complex, Long Beach Square Apartments, owned by Defendant. Plaintiff was walking the dog early in the

morning while the sun had not yet risen. Despite Plaintiff being directly next to the complex, lighting was inadequate, and Plaintiff could not properly see where he was going. While unable to see well in the dark, Plaintiff stepped over cables on the ground which wrapped around his left ankle and caused him to fall, resulting in multiple injuries. Defendants' own agents had purposely lain the cables outside the complex in places where tenants often walked because there were technical difficulties when the cables had been inside the buildings. Defendants had promised for multiple months to bury the cables and failed to do so, leading to Plaintiff's fall. Plaintiff was and still is being treated by Ochsner Health Centers for severe knee and back injuries he experienced due to the fall. Due to Plaintiff's injuries, he was unable to recover fully from a recent surgery, leading to chronic pain and suffering. The presence of the cables on the ground, in addition to the lack of adequate lighting at the exterior of the apartment buildings, caused an unreasonably dangerous condition that Defendants knew or had reason to know that said condition was dangerous. Plaintiff had contacted Defendants for six months or more in the hopes that the danger might be removed, but neither Defendant would act to move or remove the cables. The premises in question were under the exclusive control of Defendants (LBS); and its employees, agents, and/or predecessors had actual notice of the existence of the cables for many months. Defendants (LBS) negligently failed to bury the cables as promised or move them. Defendants (LBS) negligently failed to move them

and/or contact Defendants (BellSouth) to have them moved. Defendants (LBS) Beach also failed to provide sufficient lighting outside the complex. Alternatively, and/or additionally, Defendants (BellSouth) failed to move, bury, or make safe the cable where it knew of the dangers it had created. Defendants and their employees'/agents'/predecessors' actions and/or inactions were negligent as they were acting in their representative capacities and under the authority and/or apparent authority of Defendants. Defendants (LBS), through its employees, agents, and/or predecessors, failed to attempt to remove the cables or safely secure them for multiple months, and also failed to provide lighting that would prevent a preventable injury; thus, Defendants (LBS), negligently breached their duty to keep its premises reasonably safe for Plaintiff, who was a tenant. Defendants, through their employees and agents, negligently failed to respond to Plaintiff's repeated requests that the company move the cables or safely secure them.

## NEGLIGENT/WANTON/RECKLESS ACTIONS

7.   Plaintiff would assert that Defendants should be held liable through their negligence in causing the injuries in question.

8.   Defendants had a duty to keep their premises in a reasonably safe condition for tenants, which includes providing sufficient exterior lighting at night and early in the morning and removing or attempting to remove any hazardous condition that it has

actual or constructive knowledge of.

9. Defendant had a duty to lay cables and wires in areas where they would not pose an unreasonably dangerous threat to individuals and to follow state and local laws regarding the placement of utility lines such as telephone and Internet cables and wires. Defendant also had a duty to address and remove any such threat when notified of it.

10. As a proximate result of Defendants' negligence and/or wantonness, Plaintiff, Michael Crihfield, suffered personal injuries and was made sore and lame, and will suffer from the same into the future, for which he seeks recovery herein.

11. As a direct and proximate result of Defendants' negligence, Plaintiff, Michael Crihfield, suffered mental anguish and emotional distress and will continue to suffer such distress in the future, for which Plaintiff seeks recovery herein.

12. As a direct and proximate result of Defendants' negligence, Plaintiff, Michael Crihfield, incurred medical expenses, physician fees, hospital fees, and other debts due to the treatment of his injuries suffered as a direct proximate result of the event in question and will continue to incur such expenses and debts into the future, for which Plaintiff seeks recovery herein.

13. As a result of the accident caused by Defendants' actions/inactions, Plaintiff, Michael Crihfield, was and still is limited from normal activities by his injuries.

14. The sole and proximate cause of this accident and of the injuries and damages sustained by Plaintiff was the negligence and wantonness on the part of the Defendants, including, but not limited to, the following:

a. Defendants' failure to keep premises in a reasonably safe condition;

b. Defendants' failure to provide adequate lighting around the immediate exterior perimeter of the complex;

c. Defendants' respective failures to act upon Plaintiff's request to move or remove the cables within a reasonable time period;

d. Defendant's failure to bury the cables as promised within a reasonable time period;

e. Other negligent actions of Defendants, which may be proven at the trial of this matter.

## DAMAGES

15. As a result of the injuries to Plaintiff caused by the wrongful actions/inactions of Defendants, Plaintiff, Michael Crihfield, has suffered severe injuries and damages, including, but not limited to the following:

a. All medical bills and expenses;

b. All physical pain and suffering;

c. All mental, emotional, and/or psychological pain and suffering;

  d.  All loss of enjoyment of life;

  e.  All inconvenience;

  f.  All compensatory, special, and general damages, and

  g.  Attorney's fees and court costs

## PUNITIVE ACTS AND DAMAGES

16. To the extent that Defendants' actions and/or inactions were willful, wanton, and in reckless disregard for the safety of Plaintiff; he would assert that he is entitled to punitive damages from Defendants and/or either of them and/or from Defendants Corporation A-Z or John Does 1-10 in an amount to be determined by a jury.

## PRAYER FOR RELIEF

17. WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment of and from Defendants in an amount to be determined at trial on the merits, plus interest at the legal rate, and cost of this action, including, but not limited to the following damages:

  a.  All compensatory, special, and general damages said sum to be determined by a jury.

  b.  All cost incurred and to be incurred in this cause, and for all lawful pre-judgment interest, post-judgment interest, and attorney's fees if punitive damages are found applicable, and for any and all damages provided under

  the law of the State of Mississippi;

c. All past, present, and future medical expenses;

d. All physical pain, suffering, and disability;

e. All mental, emotional, and/or psychological pain, suffering, and anguish;

f. All loss of enjoyment of life;

g. Punitive damages in an amount to be determined by a jury.

*RESPECTFULLY SUBMITTED,* this the 6th day of November 2023.

          MICHAEL CRIHFIELD, PLAINTIFF

    BY: _s/ *Benjamin U. Bowden*_____
       BENJAMIN U. BOWDEN (MSB 3733)
       BEN BOWDEN, PC
       BridgeWater Commons, Suite 204-B
       8927 Lorraine Road
       Gulfport, Mississippi 39503
       Telephone: (228) 896-5652
       Facsimile: (228) 896-5689
       Email: bowden@benbowdenlaw.com
       Cc: srodgers@benbowdenlaw.com